**Joseph PEACE, Petitioner—Appellant,**

v.

**Ernest C. ROE, Warden, et al., Respondents—Appellees.**

**No. 01–55978.**

**D.C. No. CV–99–10951–JSL.**

United States Court of Appeals, Ninth Circuit.

Submitted March 4, 2003.*

Decided March 6, 2003.

Before T.G. NELSON, SILVERMAN, and MCKEOWN, Circuit Judges.

MEMORANDUM**

Joseph Peace appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his California conviction for two counts of assault with a deadly weapon arising from an incident of road rage. We have jurisdiction pursuant to 28 U.S.C. § 2253 and review the district court's denial of the habeas petition de novo. *Fernandez v. Roe*, 286 F.3d 1073,

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

1076 (9th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 514, 154 L.Ed.2d 395 (2002). We can grant relief under 28 U.S.C. § 2254 only if we find that the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court." 28 U.S.C. § 2254. We affirm because the state court's decision was not an unreasonable application of clearly established law.

Because the parties are familiar with the facts, we will not recite them in this decision.

■ Peace argues that the prosecutor's cross-examination of a defense witness regarding post-arrest silence of the witness violated the Fifth Amendment. The state responds that no clearly established law in 1999 extended Fifth Amendment protection to non-defendant witnesses and any relief under a new rule extending the Fifth Amendment would be barred under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). In any event, the prosecutor did not comment on Peace's right to remain silent. We agree with the state.

To determine whether law was clearly established under § 2254(d)(1), we look to clearly established law of the Supreme Court in 1999 when the California courts considered Peace's direct appeal and that appeal became final. *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The Supreme Court has clearly held that the Fifth Amendment prohibits the government from commenting on a *defendant's* post-arrest silence or decision not to testify, or from introducing evidence of a *defendant's* post-arrest silence at trial. *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *Griffin v. California,* 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). However, the Supreme Court has never held that

a *non-defendant witness* cannot be impeached with *his* post-arrest silence. Reasonable jurists hearing Peace's claim in 1999—or even now—would not have felt compelled by existing precedent to extend *Doyle* and *Griffin* to non-defendant witnesses. Therefore, § 2254(d)(1) bars relief. *Williams,* 529 U.S. at 381, 412.

To the extent Peace argues that the comment on the silence of the witness was a comment on Peace's silence, the record does not support the claim.

Peace argues that insufficient evidence supports his conviction under count I, aiding and abetting the assault with an automobile. Federal law regarding sufficiency of evidence at trial is clearly established. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Habeas corpus relief will be granted only if after viewing the evidence in the light most favorable to the prosecution no rational trier of fact could have found the essential element of the crime beyond a reasonable doubt. *Id.* at 324. Because the California Court of Appeals applied this standard, we consider whether the California courts' decision that sufficient evidence existed is an unreasonable application of clearly established law.

■ Under California law, an aider and abetter "shares the perpetrator's specific intent when he or she knows the full extent of the perpetrator's criminal purpose and gives aid or encouragement with the intent or purpose of facilitating the perpetrator's commission of the crime." *People v. Beeman,* 35 Cal.3d 547, 560, 199 Cal. Rptr. 60, 674 P.2d 1318 (1984). The California Court of Appeal found that a rational trier of fact could have found that Peace aided and abetted the driver. Viewing the facts in the light most favorable to the prosecution, the driver pulled up next to the victim's car. Peace held the beer bot-

tle out the window. The driver moved the car slightly ahead of the victim's car and Peace threw the bottle at the victim's windshield, breaking the windshield. Shortly after the bottle was thrown, the driver forced the victim's car to drive into traffic cones on the highway. Therefore, the jury could conclude that Peace aided and abetted the driver. This conclusion is not an unreasonable application of clearly established law.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.